UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DON E. LEWIS**                                                                                    **PETITIONER**

**VS.**                                            **5:17-CV-00208-BRW-JTR**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                              **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Don E. Lewis ("Lewis"). *(ECF No. 2.)* Before addressing

Lewis's habeas claims, the Court will review the procedural history of the case in state court.

On February 25, 2013, Lewis entered a negotiated nolo contendere plea to one count of second-degree sexual assault. In a Sentencing Order filed on March 1, 2013, Lewis was sentenced to 180 months' imprisonment. *(ECF No. 6-2.)* Because his guilty plea was not conditional, Lewis waived his right to a direct appeal of his conviction.[1] Lewis made no effort to appeal his sentence.

Lewis failed to seek timely post-conviction relief in state court. *See* Ark. R. Crim. P. 37.2(c)(1) (following a guilty plea, Rule 37 motions must be filed within 90 days of the entry of judgment).

On August 2, 2016, Lewis filed a *pro se* state habeas petition in the trial court requesting scientific testing of evidence under Ark. Code Ann. § 16-112-201, which outlines the circumstances in which an Arkansas state court may grant a writ of habeas corpus based on new scientific evidence.[2] *Lewis v. State*, 2017 Ark. 144, at

---

[1] *See* Ark. R. App. P.-Crim. 1(a) ("Except as provided by ARCrP 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere.'); Ark. R. Crim. P. 24.3(b) (2011) (with the court's approval and the prosecutor's consent, "a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment" to review adverse determinations of pretrial motions: (1) to suppress seized evidence or a custodial statement; (2) to dismiss a charge as untimely; or (3) challenging the constitutionality of the criminal statute at issue.

[2] Lewis's state habeas claim stemmed from his contention that, while a pretrial detainee in Miller County Detention Center, his DNA was taken unlawfully when jail officials falsely represented that a Court order had been entered authorizing collection of DNA. On August 22, 2012, Lewis filed a § 1983 Complaint in the Western District of Arkansas based on this same

2

1, 516 S.W.3d 718, 720. On August 15, 2016, the trial court denied Lewis's habeas petition, finding that it was untimely and failed to state a claim for relief. *(ECF No. 6-3 at 81-84.)*[3] Lewis appealed. On April 20, 2017, the Arkansas Supreme Court affirmed the trial court's denial of habeas relief. *Lewis v. State*, 2017 Ark. 144, 516 S.W.3d 718. (*ECF No. 6-5 at 1-5*.)

On August 6, 2017, Lewis initiated this *pro se* federal habeas action.[4] Lewis alleges the Arkansas Supreme Court erred when: (1) it denied his state habeas filing

---

factual allegation. *Lewis v. Brazell*, W.D. Ark. Case No. 4:12-CV-04100, *ECF No. 1* (This case is hereafter referred to as "the § 1983 action.")

On September 28, 2015, Lewis prevailed in the § 1983 action when, following a bench trial, United States District Judge Susan O. Hickey held that Lewis's Fourth Amendment rights were violated when jail officials collected a buccal swab DNA sample sixteen days after his arrest. *Id.*, at *ECF No. 109*; 2015 WL 5684142 (W.D. Ark. Sept. 28, 2015). Lewis was awarded nominal damages of $1. Approximately ten months later, Lewis filed his state habeas petition.

Judge Hickey held that Lewis's § 1983 claim, if successful, would not invalidate his state court conviction. *Id.* at 6 (holding that Lewis's Fourth Amendment claim was not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)); *see also Rollins v. Willett*, 770 F.3d 575, 576–77 (7th Cir. 2014) (finding that unlawful seizure claim was not barred by *Heck* because it would not imply the invalidity of Plaintiff's conviction, where there was irrefutable evidence of guilt); *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996) ("a wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction"). Thus, the fact that Lewis prevailed in his § 1983 action in no way calls into question the validity of his sexual assault conviction.

[3] In addition to the other shortcoming of Lewis's state court petition, the trial court held that it was "fatally defective" under Ark. Code Ann. § 16-12-201 because it did not contend that Lewis was "actually innocent" of the sexual assault conviction, request additional DNA testing, or allege that some recent advance in DNA testing would permit Lewis to provide evidence to establish that no reasonable finder of fact would have found him guilty of the offense. (State Trial Court Order, *ECF No. 6-3 at 83*.)

[4] Although the Clerk of Court received and file-stamped Petitioner's habeas Petition on August 11, 2017, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Ford v. Bowersox,* 178 F.3d 522, 523 (8th Cir.1999); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts.

3

as untimely; and (2) when it denied his request for relief under Ark. Code Ann. § 16-112-201.

Respondent argues that Lewis's habeas Petition should be dismissed because: (1) all of his claims are time-barred; (2) none of his claims are legally cognizable in a § 2254 action; and (3) by entering a plea, Lewis waived any claim of constitutional error. (*ECF No. 6.*) Lewis has now filed a Reply. (*ECF No. 8.*) Thus, the issues are joined and ready for disposition.

For the reasons discussed below, the Court concludes that Lewis's habeas Petition is untimely and recommends that it be dismissed.[5]

## II. Discussion

Generally, a state prisoner seeking to challenge his state court conviction in federal court must file a petition for habeas relief within one year after the state "judgment of conviction becomes final" by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).[6]

On February 25, 2013, Lewis entered his nolo contendere plea. On March 1, 2013, the Miller County County Circuit Court filed its Sentencing Order "of

---

[5] Accordingly, the Court need not address Respondent's other arguments for dismissal.

[6] In some circumstances, the one-year limitations period begins to run later than the date the state judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). In this case, no basis exists for applying any of the alternative dates for starting the one-year federal habeas limitations period.

record."[7] Lewis had thirty days from that date, or until March 31, 2013, to file a notice of appeal with the Arkansas Supreme Court.[8] When he did not file a notice of appeal by March 31, 2013, his state judgment of conviction became "final" for purposes of § 2244(d)(1)(A), and the one-year federal limitations period for filing a § 2254 habeas petition began to run. *See Gordon v. Hobbs*, 823 F.3d 1188, 1193 (8th Cir. 2016) (one-year limitations period began to run 30 days after entry of state-court judgment on guilty plea).

The one-year deadline for Lewis to seek federal habeas relief expired on March 31, 2014. Because Lewis waited until August 6, 2017 to initiate this action, his habeas Petition is barred by the one-year statute of limitations unless the Court determines that statutory or equitable tolling applies.

### A. Statutory Tolling

The federal limitations period is statutorily tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). Lewis's submission of a state court habeas petition on August 2, 2016

---

[7] *(ECF No. 6-2.) See also Bradford v. State*, 94 S.W.3d 904, 908-09 (Ark. 2003) (under Arkansas law, criminal judgment is effective when entered of record by filing with circuit court clerk); Ark. Sup. Ct. Admin. Order No. 2(b)(2) (judgment, decree or order is "entered" when stamped or marked with the date and time and the word "filed").

[8] In *Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015), the Eighth Circuit acknowledged that, under Arkansas law, there is no general right to appeal an unconditional guilty plea. Nonetheless, the Court held, for purposes of triggering the habeas limitations period, a defendant who pleads guilty is entitled to the thirty days in which he could have, but did not, file a notice of appeal.

had no tolling effect because it was filed *after* the federal statute of limitations had already run. *See Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006) (the statute of limitation for filing a federal habeas action "cannot be tolled after it expires"). Thus, no basis exists for applying statutory tolling.

**B. Equitable Tolling**

The United States Supreme Court has held that § 2244(d) is a statute of limitations, not a jurisdictional bar. Accordingly, it may be subject to equitable tolling *if* a petitioner can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

Although Lewis does not argue that he is entitled to equitable tolling, the Court has carefully reviewed Lewis's filings to determine if he has made any allegations that might invoke equitable tolling.

First, Lewis has not demonstrated that he pursued his federal rights diligently. Lewis offers no explanation for waiting until August 6, 2017, three years and over four months *after* the applicable one-year limitations period expired, to initiate this federal action. This is not a situation in which Lewis could credibly argue that he learned something new that caused him to seek federal relief. Lewis filed the § 1983 action several months *before* he pled no contest to the sexual assault charge on February 25, 2013. Thus, at the time of his plea, Lewis knew that he believed that

6

his DNA had been collected unlawfully, but he still made the decision to enter an unconditional plea, without challenging the DNA collection as an unlawful search.[9] He then did nothing to pursue his federal habeas rights until August 6, 2017.

Lewis also has failed to demonstrate that he exercised reasonable diligence sufficient to "toll the federal timing rules." *Gordon v. Arkansas*, 823 F.3d 1188 (8th Cir. 2016) ("the first question is whether Gordon has shown [the required] reasonable diligence to equitably toll the *federal timing rules* for filing his *federal habeas* petition - not his Rule 37 petition."); *see also See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (petitioner failed to pursue his rights diligently where he waited years before filing a state post-conviction petition, then waited five months after his post-conviction proceedings became final before seeking federal habeas relief).

Second, Lewis has not alleged, much less demonstrated, any "extraordinary circumstances" as required by *Holland*. The Eighth Circuit has repeatedly held that a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does not justify equitable tolling. *See*, *e.g.*, *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir.

---

[9] Lewis benefitted by having the charges reduced from two counts of felony rape to one count of sexual assault in the second degree. If convicted on the rape charges, Lewis faced a term of imprisonment of 25 to 40 years, or life. By entering into the negotiated plea, Lewis was sentenced to a reduced term of imprisonment, 180 months, on one count of sexual assault in the second degree. This likely explains Lewis's willingness to enter a plea and to forego a trial court challenge to the collection of DNA.

2004). By reserving equitable tolling to truly extraordinary circumstances, it provides Lewis with an "exceedingly narrow window of relief." *Shoemate*, 390 F.3d at 597. Lewis's only argument to excuse his delay in initiating this *federal* habeas is to point out alleged state court errors in connection with his *state* habeas action.[10] This contention cannot possibly rise to the level of the required "extraordinary circumstances" necessary to excuse his late filing.

For both of these reasons, Lewis is not entitled to equitable tolling.

### III. Conclusion

Because all of Lewis's habeas claims are time-barred,

IT IS RECOMMENDED THAT:

1. The 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *ECF No. 2*, be DENIED, and this case be DISMISSED, WITH PREJUDICE; and

2. A Certificate of Appealability be DENIED. See 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

---

[10] In his Reply, Lewis complains that the trial judge erred in ruling that Lewis had failed to rebut the presumption that his state habeas was untimely when the State had not raised that defense or even responded to Lewis's state habeas petition. Reply, *Doc. 8 at 2-3*.

Lewis's federal habeas Petition makes similar challenges to the state court's adjudication of his state habeas petition. However, this Court has no authority "to reexamine state-court determinations on state-law questions." *Estell v. McQuire*, 502 U.S. 62, 67-68 (1991). Thus, to the extent Lewis seeks to have this Court review whether the state court properly followed and applied Arkansas state law, such claims are not cognizable on federal habeas review, even if Lewis had timely raised them.

DATED this 14th day of November 2017.

_____
UNITED STATES MAGISTRATE JUDGE